### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ALTON JONES,**

      **Petitioner,**

vs.                                **CASE NO. 8:12-cv-914-T-30TGW**
                                       **CRIM. CASE NO. 8:09-cr-440-T-30TGW**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

### ORDER

**BEFORE THE COURT** is Jones's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 7), the Government's motion to dismiss (CV Doc. 10) and Jones's Reply (CV Doc. 12).  Upon consideration, the court concludes that Jones's motion should be DENIED.

### Procedural Background

Jones was charged by an indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count One), carrying and possessing a firearm during, in relation to, and in furtherance of the conspiracy, in violation of 18 U.S.C.§ 924(c)(1) (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Three).  (CR Doc. 32).  On February 10, 2010, Jones pleaded guilty pursuant to a

written plea agreement to Counts One and Two.[1]  (CR Docs. 77, 166).  Jones was sentenced to a total of three hundred sixty (360) months imprisonment to be followed by one hundred twenty (120) months of supervised release.  (CR Doc. 123).  Jones appealed his conviction and sentence.  On December 2, 2010, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal based on a valid and enforceable appeal waiver.  (CR Doc. 174).

The Government does not challenge the timeliness of Jones's Section 2255 motion. In the motion, Jones presents two grounds for relief:

**Ground One:**   Trial counsel rendered ineffective assistance by not adequately advising Jones whether entering into a plea agreement with the Government was in his best interest rather than entering a[n] open plea; and

**Grounds Two:**  Trial counsel rendered ineffective assistance by not pursuing 5K1 negotiations with the Government on Jones's behalf

## Discussion

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea.  *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992).  Jones's grounds allege ineffective assistance rendered before entry of his guilty plea.  The record shows that he entered a voluntary and intelligent guilty plea.  (CR Doc. 166, pp. 1-42).  Jones's voluntary plea waived his antecedent non-jurisdictional grounds for relief because the

---

[1]  The Government dismissed Count Three.  (CR Doc. 122).

2

grounds do not implicate the validity of the plea.  *United States v. Glinsey*, 209 F.3d 386, 392

(5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000).  Consequently, grounds one and two of

Jones's motion to vacate warrant no relief.

Even if Jones's grounds were not waived simply by entry of his voluntary plea, his

written plea agreement includes an express waiver of his right to appeal or collaterally attack

his sentence.[2]  An appeal waiver in a plea agreement is enforceable if the waiver is made

knowingly and voluntarily.  *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001);

*United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  An appeal waiver will

be enforced if the Government demonstrates either:  (1) that the district court specifically

questioned the defendant about the waiver during the plea colloquy, or (2) that the record

clearly shows that the defendant otherwise understood the full significance of the waiver.

*Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*,

---

[2] Paragraph five of the plea agreement states:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR Doc. 77, p. 13).

131 F.3d 1005, 1008 (11th Cir. 1997).   A   knowing and voluntary waiver precludes a

defendant from collaterally attacking his conviction in a Section 2255 motion.  *Williams*, 396

F.3d at 1342.

During the plea colloquy Jones specifically averred that he understood the

consequences of the appeal waiver, including the provision barring a collateral attack:

COURT:      I also want to emphasize paragraph five.  First, I'll
            tell you that even though you are pleading guilty,
            you have a right to appeal your sentence, but
            under paragraph five you limit the extent to which
            you can appeal your sentence.

            Under paragraph five you can only appeal if the
            sentence exceeds the guidelines range as
            determined by the court under the guidelines, or
            the sentence exceeds the statutory maximum
            penalty of life in prison, or the sentence violates
            the Eighth Amendment to the Constitution which
            prohibits excessive fines and cruel and unusual
            punishment.  Those are the only three about [sic]
            your sentence that you can't [sic] appeal.  Do you
            understand that?

[JONES]:    Yes, sir.

COURT:      And, in particular, what you cannot appeal is the
            way the court calculates the sentencing
            guidelines.  Do you understand that?

[JONES]:    Yes, sir.

COURT:      And, furthermore, you cannot come back to this
            court at some later time and complain about the
            calculation either.  Do you understand that?

[JONES]:    Yes, sir.

4

| COURT: | And that includes being unable to come back and complain that your lawyer was somehow ineffective with respect to the - - the guidelines. Do you understand that? |
| --- | --- |
| [JONES]: | Yes, sir. |
| COURT: | Do you have any question about that provision? |
| [JONES]: | No, sir. |

(CR Doc. 166, pp. 36-37).

Upon completion of the full colloquy, the magistrate judge concluded that Jones freely and voluntarily entered his plea, including the appeal waiver.  (CR Doc. 166, p. 41).  Jones does not argue that any of the exceptions specified in the appeal waiver apply to permit collateral review of his grounds.  Consequently, the appeal waiver precludes federal review of both grounds one and two in this Section 2255 motion.

Alternatively, to the extent that Jones's ground one, liberally construed, challenges the validity of both his guilty plea and the appeal waiver based upon counsel's alleged ineffective assistance, a review on the merits of that ground likewise affords Jones no relief.  *See Patel v. United States*, 252 Fed. Appx. 970, 974 (11th Cir.2007) (an appeal waiver does not bar a § 2255 claim that either the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel).  *See also United States v. White*, 307 F.3d 336, 341 (5th Cir.2002) (indicating that "a waiver of appeal may not be enforced against a section 2255

5

petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary"); *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir.2001) (holding that "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver").

In ground one Jones contends that his trial counsel rendered ineffective assistance by not adequately advising Jones about the benefit of entering into a plea agreement with the Government versus entering an open plea which, Jones claims, would have allowed him to receive a sentence reduction for acceptance of responsibility and allowed him to preserve his right to challenge his conviction on both direct appeal and collateral review.  Jones claims that if he had been adequately informed about his available plea options, he would have rejected the Government's plea offer and entered an open plea.

Jones produces no evidence establishing that he involuntarily entered either his guilty plea or his appeal waiver.  He signed the written plea agreement in which he admitted that he entered the agreement (which includes the appeal waiver) freely and voluntarily without threat or coercion.  (CR Doc. 77, pp. 14-15).  During the plea colloquy the magistrate judge advised Jones of the terms of the plea agreement, including the appeal waiver.  Jones averred under oath that he understood the waiver and the limited circumstances in which he could appeal his conviction and sentence, and that he agreed to the waiver freely and voluntarily

as part of his plea agreement.[3]  (CR Doc. 166, pp. 36-37).  Jones during neither the plea colloquy nor the sentencing hearing alerted the court to any misunderstanding of the appeal waiver.  Jones presents no evidence establishing either that he did not want to proceed with his negotiated plea or that he misunderstood his plea options or the appeal waiver.  Jones fails to overcome the strong presumption of verity afforded his sworn statements made during the plea colloquy.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a Rule 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").

Even assuming, *arguendo*, that counsel performed deficiently by failing to explain the implications of an open plea or the implications of the appeal waiver, Jones fails to establish resulting prejudice.  *See Hill v. Lockhart*, 474 U.S. 59 (1985) (to establish a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must demonstrate both deficient performance and prejudice (i.e., that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial)).  Consequently, Jones cannot obtain relief on this ground of ineffective

---

[3]  The United States Court of Appeals for the Eleventh Circuit confirmed on direct appeal the validity of the appeal waiver:

> The Government's motion to dismiss this appeal based on the valid and enforceable appeal waiver in [Jones]'s plea agreement is GRANTED.

(CR Doc. 174, p. 1).

assistance of counsel because the requirements of *Strickland* remain unsatisfied.  *See Strickland v. Washington*, 466 U.S. at 691-92.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, it is **ORDERED AND ADJUDGED** that Jones's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 7) is DENIED.  The clerk is directed to enter judgment against Jones and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Jones is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id*.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2).  To make such a showing, Jones "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4

(1983)).  Jones has not made the requisite showing in these circumstances.  Finally, because Jones is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

        **DONE** and **ORDERED** in Tampa, Florida on January 2, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

JSM:kw